IN THE UNITED STATED DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**DENNISE TUTHILL,**

    **Plaintiff,**

    **vs.**                                              **Civ. No. 09-499 RLP/ACT**

**LOVELACE HEALTH SYSTEM, INC.,**

    **Defendant.**

### ORDER ADOPTING PROPOSED FINDINGS and RECOMMENDED DISPOSITION of the UNITED STATES MAGISTRATE JUDGE and DISMISSING CASE WITH PREJUDICE

**THIS MATTER** comes before the court on the Proposed Findings and Recommended Disposition of the United States Magistrate Judge, filed February 23, 2010. (Docket No. 32). No objections to the Proposed Findings and Recommended Disposition have been filed, despite additional time having been provided to do so. (Docket No. 33). After careful review of the records, the court concurs with the recommendation of the Magistrate Judge.

Where a plaintiff proceeds *pro se*, the court construes the *pro se* pleadings liberally. **Hall v. Doering**, 997 F.Supp. 1445, 1451 (D.Kan.1998) (**citing Hughes v. Rowe**, 449 U.S. 5, 9-10 (1980)). However, a plaintiff's *pro se* status does not relieve her from complying with this court's procedural requirements. **Barnes v. United States**, 173 F. App'x 695, 697 (10th Cir.2006) (citations omitted); **see also Santistevan v. Colo. Sch. of Mines**, 150 F. App'x 927, 931 (10th Cir.2005) (holding that a *pro se* litigant must follow the same rules of procedure as other litigants).

The Court hereby **FINDS** as follows:

1.    Plaintiff filed her Complaint on May 20, 2009. At the court's Initial Scheduling Conference, which Plaintiff attended, the court set a settlement conference on January 13, 2010. The court entered an order that same day setting the settlement conference [Doc. 24]. On December

23, 2009, the court entered a Discovery and Case Management Order after having a Rule 16 Discovery Status Conference on December 22, 2009 [Doc. 27]. Plaintiff attended the discovery status conference. The court was advised at the conference that Plaintiff had not provided full and complete initial disclosures and a medical release, nor had she responded to discovery. In its Order the court ruled that Defendant was to file a Motion to Compel regarding these issues. The Court also vacated the Rule 16 Settlement Conference scheduled for January 13, 2010, and rescheduled the settlement conference for February 4, 2010. Finally, the Court ordered that Defendant take the deposition of the Plaintiff on January 13, 2010. Plaintiff appeared for her deposition.  Plaintiff did not appear at the Settlement Conference on February 4, 2010.(Docket No. 29,30).  Defendant filed its Motion to Compel Discovery on February 12, 2010 [Doc. 31].

     2.     In the Order to Show Cause filed February 5, 2010, the court advised Plaintiff that should she fail to appear for the show cause hearing on February 18, 2010, or fail to comply with any Court orders or the Rules of Civil Procedure in the future, sanctions may be entered against her which could include a recommendation that her Complaint and all claims asserted therein be dismissed with prejudice. [Doc. 29].

     3.     Federal Rules of Civil Procedure 16(f) and 37(b)(2) permit the court to impose sanctions for discovery violations. The determination of a correct sanction for a discovery violation is a fact specific inquiry. *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 (10$_{th}$ Cir. 1992). The *Ehrenhaus* factors include: (1) the degree of actual prejudice to the opposing party; (2) the amount of interference with the judicial process; (3) the culpability of the litigant: (4) whether the court warned the party in advance that dismissal of the action would likely be taken as a sanction for noncompliance; and (5) the efficacy of lesser sanctions. *Id*. at 921.

     4.     Plaintiff's failure to attend the settlement conference and failure to engage in

discovery has prejudiced the opposing party. Defendants are not able to settle or defend this action. Plaintiff's conduct interferes with the judicial process by disregarding the Orders of the Court and the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of New Mexico. The Plaintiff is culpable. She commenced this litigation and then failed to prosecute this case. The Court has warned the Plaintiff in the Order to Show Cause [Doc. 29] that it could recommend to the presiding judge that her lawsuit be dismissed with prejudice. Finally, in light of Plaintiff's blatant disregard of the Court's Orders, lesser sanctions would not be effective.

**IT IS THEREFORE ORDERED** that Plaintiff's Complaint be and hereby is **DISMISSED WITH PREJUDICE**.

_____
RICHARD L. PUGLISI
Chief United States Magistrate Judge
(sitting by designation)